UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRISTOPHER GUNN,

                *Plaintiff,*

– against –

GREGORY LEVI STUBBS; ESTEL GARCIA; TYLEA MILLARD; DEPARTMENT OF HOMELAND SECURITY NY; ALICIA JOHNSON; DAINTEZ JACKSON; LARRY MCGEE; MERCEDES AQUINO; US ATTORNEY OFFICE EASTERN DISTRICT NY; DEPARTMENT OF JUSTICE NY; FEDERAL PRETRIAL SERVICE; BOLINGBROOK POLICE DEPARTMENT; BRONX POLICE DEPARTMENT,

                *Defendants.*

**MEMORANDUM & ORDER**
25-cv-02296 (NCM) (PK)

---

**NATASHA C. MERLE**, United States District Judge:

    *Pro se* plaintiff Christopher Gunn filed this complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that defendants violated his constitutional rights. Complaint ("Compl."), ECF No. 1. Defendants include the Office of United States Attorney for the Eastern District of New York, the Department of Homeland Security ("DHS"), the Department of Justice (the "DOJ"), Federal Pretrial Services in New York and Chicago, the Bronx Police Department, the Bolingbrook Police Department, and several individual defendants. The Court grants plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons stated below, the complaint is dismissed for failure to state a claim upon which relief may be granted.

1

## BACKGROUND

Plaintiff alleges that his constitutional rights have been violated by defendants. His allegations appear to stem from his arrest for violation of 18 U.S.C. § 875, which criminalizes the transmission of threats to injure. *See USA v. Gunn*, No. 22-cr-00314 (HG).[1] As best as can be ascertained from the complaint, plaintiff was arrested for making threats to prosecutors involved with the criminal case of singer R. Kelly. *See* Compl. 10.[2] Plaintiff alleges that multiple police agencies in "dual states" initiated a "methodical and immature prosecution" against him. Compl. 15. Plaintiff asserts that Larry McGee made "false and misleading emails and phone calls" to law enforcement regarding his actions, and worked with various other individual defendants to "carry out crimes over the internet" against the plaintiff. Compl. 5–6, 14. Plaintiff claims that published articles accused him of threatening United States Attorneys from the Eastern District of New York and have not been retracted. Compl. 14. Furthermore, plaintiff claims that the Department of Justice, the Bolingbrook Police Department, the New York City Police Department, and DHS view Larry McGee "and his criminal swatting enterprise" as a "credible source[]" damaging plaintiff and his mental health. Compl. 14. Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when

---

[1] Plaintiff filed a prior Section 1983 action against the United States Attorneys who prosecuted his criminal action. That action was dismissed for failure to state a claim by Order dated July 29, 2024. *See Gunn v. Olaniyan et al*, No. 24-cv-04065 (NCM).

[2] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

2

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Nonetheless, when the Court reviews a pro se complaint it must hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a pro se complaint liberally").

Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

### I. Plaintiff's *Bivens* Claims

Plaintiff brings his complaint as a civil rights action under 42 U.S.C. § 1983. Section 1983 "provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing 42 U.S.C. § 1983). Here, plaintiff's allegations against the federal agencies are more properly considered as claims arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as those agencies acted pursuant to federal law rather than under color of state law. *See Iqbal*, 556 U.S. at 675 ("[*Bivens*] is

3

the federal analog to suits brought against state officials under [§ 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

The doctrine of sovereign immunity bars federal courts from hearing suits against the federal government, including suits against its agencies, such as DHS, the U.S. Attorney's Office, the DOJ, and Pretrial Services, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."); *see, e.g.*, *Jackson v. Dept. of Homeland Sec.*, No. 23-cv-09498, 2024 WL 21915, at *2 (S.D.N.Y. Jan. 2, 2024) (dismissing claims against the Department of Homeland Security as barred by the doctrine of sovereign immunity); *Herbin v. Roman*, No. 21-cv-02740, 2021 WL 1634409, at *4 (S.D.N.Y. Apr. 26, 2021) (noting that the Southern District Probation Office is immune from suit based on sovereign immunity); *Mosseri v. Woodstock Hous. Dev. Fund-Corp.*, No. 18-cv-09431, 2019 WL 2287964, at *1 (S.D.N.Y. May 28, 2019) (dismissing claims against the DOJ and the U.S. Attorney's Office as frivolous because these claims are barred under the doctrine of sovereign immunity). In order to state a claim against the federal defendants, plaintiff must demonstrate that they have waived their sovereign immunity and thus, can be sued.

Accordingly, plaintiff's claims against the DOJ, the U.S. Attorney's Office, DHS, and the U.S. Probation and Pretrial Services are dismissed as frivolous because these claims are barred under the doctrine of sovereign immunity and plaintiff has not established that these defendants have waived their immunity. *See* 28 U.S.C. §

1915(e)(2)(B)(i), (iii); *see Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit.") (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

>     II.   **Plaintiff's Section 1983 Claims**

As noted above, Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

>     A. *Plaintiff's Claims Against the Bronx and Bolingbrook Police Departments*

The Bronx and Bolingbrook Police Departments are plausibly state actors necessary to allege a Section 1983 claim. However, the NYPD and its precincts lack capacity to be sued, as does as Illinois police department.

The New York City Charter provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City

5

of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396. The New York City Police Department ("NYPD"), as an agency of the City of New York, is not an entity that can be sued.[3] *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Hussey v. New York Police Departments & Precincts in Brooklyn, NY*, No. 23-cv-00532, 2023 WL 2499215, at *2 (E.D.N.Y. Mar. 13, 2023).

Plaintiff's Section 1983 claim against the Bolingbrook Police Department, located in Illinois, also fails for the same reason. In addition to such allegations against the Bolingbrook Police being more appropriately brought in a jurisdiction in Illinois, municipal police departments without an existence independent of the municipality they serve are not suable entities. *See, e.g., Lewis v. Joliet Police Dept.*, 682 F. App'x 504, 504 n.1 (7th Cir. 2017) (unpublished) (Joliet Police Department is not a suable entity); *Courtney v. City of Chicago*, 439 Fed. Appx. 557, 558 n.1 (7th Cir. 2011) (observing that "the Chicago Police Department is not a suable entity" and "a police department is not a suable entity in Illinois"). Accordingly, plaintiff's claims against the Bronx and Bolingbrook Police Departments are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### B. Plaintiff's Claims Against the Remaining Defendants

The remaining defendants are not alleged to be state actors and therefore may not be sued under Section 1983. The Constitution regulates only the conduct of government

---

[3] In his complaint, plaintiff lists as a defendant the "Bronx Police Department PA7" with an address of 737 Melrose Avenue, Bronx, NY 10455. Compl. 3. This is the address for the NYPD's Police Area 7, which according to NYPD's website, serves New York City Housing Authority developments within the confines of the 40th and 42nd precincts. https://www.nyc.gov/site/nypd/bureaus/transit-housing/police-service-area-7.page [permalink: https://perma.cc/27F6-5AZX], *last accessed* August 12, 2025. Accordingly, the Court construes plaintiff's claims against the "Bronx Police Department" as claims against the New York City Police Department.

6

actors and not that of private parties. "[P]rivate conduct, no matter how discriminatory or wrongful," is generally beyond the reach of § 1983. *Sullivan*, 526 U.S. at 50; *cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.") (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

Here, the remaining defendants are private individuals. Plaintiff has not plausibly alleged that the private individuals acted under color of state law or conspired with another state actor who did so. Plaintiff alleges that the individual Larry McGee was acting as "an unofficial employee of the government," but plaintiff's complaint does not contain factual allegations which support this claim. Compl. 14. Plaintiff's complaint includes allegations that Mr. McGee, or individuals affiliated with Mr. McGee, made complaints to law enforcement about plaintiff. Compl. 7–13. However, making complaints to law enforcement does not transform a private citizen into a state actor for purposes of Section 1983. *Sherman v. City of New York*, No. 18-cv-05359, 2019 WL 2164081, at *6 (E.D.N.Y. May 16, 2019); ("It is well-established that the mere act of making a complaint to [law enforcement] does not make someone a state actor under § 1983."); *see also Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("[T]he mere fact that a private actor received police assistance is not sufficient to transform that private actor's conduct into state action for § 1983 purposes.").

Accordingly, plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See e.g.*, *Grant v. Adult Protective Serv.*, No. 22-cv-00775, 2022 WL 504409, at *6 (E.D.N.Y. Feb. 18, 2022) (finding that plaintiff's claims failed because defendants were

7

private individuals and plaintiff failed to plead plausible factual allegations to support claims for state action or a conspiracy with state actors).

## CONCLUSION

For the reasons discussed above, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court grants plaintiff leave to file an amended complaint within 30 days of this Order to attempt to cure the deficiencies identified herein. Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

Should plaintiff choose to file an amended complaint, the submission should be labeled "Amended Complaint," and include "Docket Number 25-cv-02296 (NCM) (PK)." Plaintiff should explain how he was injured, who was responsible, and why he thinks this Court has jurisdiction to remedy the injury.

**SO ORDERED.**

    */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:    August 19, 2025
            Brooklyn, New York