UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHRISTOPHER GUNN,

*Plaintiff,*

– against –

NEW YORK STATE,

*Defendant.*

**MEMORANDUM & ORDER**
25-cv-02296 (NCM) (PK)

---

**NATASHA C. MERLE**, United States District Judge:

By Memorandum and Order dated August 19, 2025, the Court granted pro se plaintiff Christopher Gunn's request to proceed in forma pauperis and dismissed his complaint for failure to state a claim upon which relief may be granted. *Gunn v. Stubbs*, No. 25-cv-02296, 2025 WL 2403395, at *1 (E.D.N.Y. Aug. 19, 2025). Plaintiff was granted leave to file an amended complaint explaining "how he was injured, who was responsible, and why he thinks this Court has jurisdiction to remedy the injury." *Gunn*, 2025 WL 2403395, at *4. Plaintiff filed his amended complaint alleging constitutional violations by a new defendant: New York State. *See generally* Amended Compl. ("AC"), ECF No. 6. For the reasons discussed below, plaintiff's amended complaint is **DISMISSED**.

## BACKGROUND

On April 23, 2025, plaintiff filed his complaint alleging that his constitutional rights were violated by defendants, the Office of the United States Attorney for the Eastern District of New York, the U.S. Department of Homeland Security, the U.S. Department of Justice, Federal Pretrial Services in New York and Chicago, the Bronx Police Department,

1

the Bolingbrook Police Department, and several individuals. *See* Compl. 2–5, ECF No. 1.[1] The Court dismissed plaintiff's complaint for failure to state a claim for relief and granted plaintiff leave to amend. *Gunn*, 2025 WL 2403395, at *4

Plaintiff filed his amended complaint under 42 U.S.C. § 1983 alleging defendant, New York State, engaged in a frivolous prosecution against him in violation of his constitutional rights to free speech and liberty. AC 3. He asserts that in 2022, he "was indicted by the New York State's Attorney Office of the Eastern District" after he allegedly threatened the Assistant United States Attorney who was handling the criminal prosecution of the singer R. Kelly.[2] AC 5. Plaintiff, who states that he is a blogger, was arrested in Illinois, and his electronic devices were seized. *Id.* A criminal case was filed against plaintiff in this District for allegedly violating 18 U.S.C. § 875—transmission of threats to injure. *See United States v. Gunn*, No. 22-cr-00314 (HG) (E.D.N.Y. 2022). On November 9, 2023, the indictment was dismissed with prejudice. *Id.* at ECF No. 57. Plaintiff's cell phone and computer were returned to him with cracks on his computer screen. AC 5. Plaintiff claims that the prosecution against him was frivolous, which caused him to lose wages and seek therapy. He seeks punitive or compensatory monetary damages for the frivolous prosecution against him. AC 3.

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[2]    Plaintiff filed a prior Section 1983 action against the United States Attorneys who prosecuted his criminal action. That action was dismissed based on absolute immunity and for failure to state a claim by Order dated July 29, 2024. *See Gunn v. Olaniyan*, No. 24-cv-04065, 2024 WL 3567015, at *2 (E.D.N.Y. July 29, 2024)

## STANDARD OF REVIEW

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).[3] It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read a pro se plaintiff's complaint liberally and interpret it, raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a

---

[3] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

Plaintiff sues under Section 1983 and names New York State as the sole defendant. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). Congress has not abrogated the States' immunity for claims under Section 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). This is true regardless of the relief sought. *Casino v. StonyBrook Univ. Med. Ctr.*, No. 13-cv-6357, 2014 WL 317368, at *3 (E.D.N.Y. Jan. 27, 2014) ("Although the Eleventh Amendment generally does not bar suits against state officials acting in their official capacity seeking prospective relief, i.e., to enjoin conduct that violates the federal Constitution . . . that exception to Eleventh Amendment immunity is inapplicable to suits against the States and their agencies, which are barred regardless of the relief sought."). And the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *Obiagwu v. New York*, No. 25-cv-8510,

2025 WL 3041952, at *1 (S.D.N.Y. Oct. 31, 2025). Accordingly, the Court dismisses plaintiff's complaint against New York State pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted based on the defendant's immunity under the Eleventh Amendment.

## CONCLUSION

Plaintiff's amended complaint is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, the Clerk of Court is directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the plaintiff, and note the mailing on the docket.

**SO ORDERED.**

_/s/_ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:       February 9, 2026
             Brooklyn, New York

5